UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MATTHEW RAY CROCKER**,

Debtor.

Case No. **09-60139-7**

# MEMORANDUM of DECISION

At Butte in said District this 27th day of July, 2011.

In this Chapter 7 bankruptcy, after due notice, a hearing was held June 13, 2011, in Butte, on the Chapter 7 Trustee's Notice of Intent to Sell Property - Statutory Right of Redemption in Story Mill Project, together with the objection thereto filed by creditor Hyalite Engineers, PLLC. The Chapter 7 Trustee, Joseph V. Womack of Billings, Montana appeared at the hearing in support of his proposed sale. William D. Lamdin of Billings, Montana also appeared at the hearing on behalf of American Bank and in support of the Trustee's proposed sale. Dorie Benesh Refling of Bozeman, Montana appeared at the hearing on behalf of Hyalite Engineers, PLLC and in opposition to the Trustee's proposed sale. Hyalite Engineers, PLLC's Exhibit G and American Bank's Exhibit 4 were admitted into evidence without objection.

BACKGROUND

In his pending Notice, the Trustee proposes to transfer and quitclaim at private sale to American Bank property described as "any interest the Trustee may claim in Debtor's statutory right of redemption in the development known as 'Story Mill Project' that is created as a result of Debtor's guarantee of the loan, and in Blue Sky Development LLC, as the owner/mortgagor of

1

the Story Mill Project." The facts leading to the Trustee's Notice are as follows:

On December 18, 2008, American Bank filed a complaint in the District Court for Gallatin, County. *See American Bank v. Blue Sky Development LLC, et al*, Cause No. DV 08-1039B. In its prayer for relief, American Bank sought: (1) judgment against Blue Sky Development, Debtor and Debtor's mother, Edra D. Blixseth; (2) a determination as to the amount owing on its mortgage; (3) a determination that its mortgage was senior to other named defendants, including Hyalite Engineers; and (4) a decree of foreclosure. Defaults were entered early in the state court action against Debtor and Edra Blixseth. At the request of American Bank, default was also entered against Blue Sky Development on January 27, 2009.

Subsequent to entry of the defaults, Debtor filed a voluntary Chapter 7 bankruptcy petition on February 13, 2009. Blue Sky Development has not, to this Court's knowledge, sought protection under the Bankruptcy Code. However, on June 15, 2009, the Trustee and Debtor entered into a stipulation to collapse various alter ego entities and consider said entities "to be one and the same as Debtor, in his individual capacity; and all assets belonging to such Entities shall be deemed for all purposes to constitute property of this bankruptcy estate pursuant to 11 U.S.C. § 541(a)." One such entity specifically identified in the stipulation was Blue Sky Development, LLC. It does not appear from the Court's records that the stipulation or the Order approving the same were served on American Bank.

On September 21, 2009, Hyalite Engineers filed a motion to modify stay asserting it had a construction lien against Blue Sky Development's Story Mill Subdivision Project. Based on a broker's opinion dated September 16, 2009, Hyalite Engineers asserted that the fair market value of the Story Mill Subdivision Project was $2,864,445. In its motion, Hyalite Engineers claimed

that it did not believe that any other interest had priority over Hyalite Engineers' $838,936.23 construction lien. However, Hyalite Engineers noted the pending dispute with American Bank: "By its action, American Bank and others, including [Hyalite Engineers] seek a declaration as to priorities and foreclosure of the above described real estate parcels. American Bank claims an encumbrance of not less than $8,608,023.35 on 11 of the 12 identified parcels." Hyalite Engineers noted that the known encumbrances on Blue Sky Development's real property totaled $22,563,169.50, plus accruing interest, fees and costs. Without objection from any party-in-interest, the Court entered an Order on October 7, 2009, modifying the automatic stay to permit Hyalite Engineers to seek foreclosure and liquidation of its construction lien.

The state court in Cause No. DV 08-1039B resolved, on February 8, 2011, all contested matters at issue in the state court action initiated by American Bank. In the February 8, 2011 ruling, the state court concluded that American Bank's mortgage liens had priority over Hyalite Engineers' construction lien and that American Bank was entitled to a judgment and decree of foreclosure. The state court entered a Judgment and Decree of Foreclosure on April 7, 2011, concluding that $10,387,444.83 was due and owing to American Bank from Blue Sky Development under a Promissory Note dated December 15, 2006 and the Mortgage recorded December 26, 2006. The parties agree that under Montana law, completion of American Bank's sheriff's sale will create a statutory right of redemption in Debtor as a result of his guarantee of the loan, and in Blue Sky Development LLC, as the owner/mortgagor of the project.

In connection with entry of judgment and the sheriff's sale, the Trustee has agreed to transfer and quitclaim any right of redemption he may claim as a result of Debtor's membership interest in Blue Sky Development, LLC, or otherwise for the sum of $10,000 to American Bank.

Hyalite Engineers' motion to modify stay previously alleged that there was no equity in the Story Mill Project. The Trustee did not oppose Hyalite Engineers' motion, indicating to this Court that the motion was filed for good cause and that the property was either burdensome or of inconsequential value to the bankruptcy estate. As a result, the stay was lifted to permit Hyalite Engineers to pursue its nonbankruptcy remedies, which remedies necessarily included final resolution of American Bank's pending action in *American Bank v. Blue Sky Development LLC, et al*, Cause No. DV 08-1039B.

Based upon the Trustee's familiarity with the Story Mill Project and given the encumbrances on the property, the Trustee believes that the sum of $10,000 is fair value for any redemption rights he may acquire at sheriff's sale as a result of Debtor Crocker's guarantee of the American Bank loans and his membership interest in Blue Sky Development, LLC. The Trustee is satisfied that the property in its entirety is worth nowhere near the amount of the liens, and the Debtor's interest in Blue Sky Development LLC has no value.

Therefore, the Trustee proposes to sell any right of redemption for $10,000 cash. The sale would be completed immediately after conclusion of the sheriff's sale of the Story Mill Project. Hyalite Engineers' opposes the Trustee's Notice of Intent to Sell arguing the proposed sale is premature because American Bank did not file a separate request for relief from the automatic stay.

## APPLICABLE LAW and DISCUSSION

In this case, the Trustee is not seeking to sell either Debtor or Blue Sky Development's interest in the real property known as the Story Mill Project. Rather, the Trustee is seeking to sell the estate's statutory right of redemption. This Court has also previously concluded that a

4

debtor's statutory right of redemption is property of a bankruptcy case. *See In re Liddle*, 75 B.R. 41, 43 (Bankr. D. Mont. 1987). In addition, based on Montana law, this Court has recognized that a trustee can sell a statutory right of redemption either prior to or following a foreclosure sale. *In re Ellis*, Case No. 08-60230, docket entry no. 35 (Bankr. D. Mont. 2008). Hyalite Engineers has not presented the Court with any case law that is contrary to the above that would preclude the Trustee from selling the estate's separate interest in any statutory right of redemption. Hyalite Engineers' attempt to frustrate the Trustee's sale of the statutory right of redemption by arguing the state court lacked subject matter jurisdiction to decide American Bank's foreclosure action, even when Hyalite Engineers had obtained relief from the stay to prosecute to conclusion that action, is misplaced. This Court finds the Trustee can sell any right of redemption, irrespective of the state of the foreclosure proceeding.

However, Hyalite Engineers, by its own admissions in the motion to modify stay filed September 21, 2009, conceded that neither Debtor nor Blue Sky Development had any equity in the Story Mill Project. Moreover, exhibits attached to Hyalite Engineers' motion indicate the property is in such a state of disrepair that it "presents a potential public safety hazard and has to be cleaned up." *See* Exhibit 3 to Hyalite Engineers' motion. However, cleanup of the deteriorating property is complicated because of "tricky legal liability issues" caused by Debtor and Blue Sky Financial's "financial mess[.]" *Id*.

Given the lack of equity in the property, because of the hazards the property may pose and to remove all doubt as to American Bank's ability to sell the Story Mill Project in accordance with the Decree of Foreclosure, this Court deems it appropriate, in an abundance of caution and as an extreme measure, to grant American Bank retroactive relief from the automatic stay.

Section 362 of the Bankruptcy Code vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney–Morin*, 304 B.R. 365, 369–70 (9th Cir.BAP2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir.BAP1999); *In re Plummer*, 20 Mont. B.R. 468, 477–78 (Bankr. D.Mont.2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-09 (9th Cir.1995).

Except for the issue of a debtor's equity in property, in a proceeding on a motion to modify the automatic stay, the debtor has the burden of proof to show that the stay should not be modified or annulled. *In re National Envtl. Waste Corp.*, 191 B.R. 832, 836 (Bankr. C.D.Cal. 1996), *aff'd,* 129 F.3d 1052 (9th Cir.1997); *In re Syed*, 238 B.R. 126,132 (Bankr. N.D.Ill.1999); *In re Sauk Steel Co., Inc.*, 133 B.R. 431, 436 (Bankr.N.D.Ill.1991); 11 U.S.C. § 362(g).  Debtor has not once disputed his lack of equity in the Story Mill Project.  Thus, this Court exercises its power to retroactively annul the automatic stay as to American Bank, effective October 7, 2009, the date Hyalite Engineers was granted relief from the automatic stay. *In re Kissinger*, 72 F.3d at 108-09 ("as we have previously noted, 'section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay.' *Schwartz*, 954 F.2d at 572 (citing 2 COLLIER ON BANKRUPTCY, § 362.07 (15th ed. 1984)). Retroactive annulment, however, should be 'applied only in extreme circumstances.'" *In re Shamblin*, 890 F.2d 123, 126 (9th Cir. 1989).")

In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that the stay is modified retroactively to October 7, 2009, so that

6

American Bank may pursue its nonbankruptcy remedies against the real property commonly known as the Story Mill Project; the Trustee's Notice of Intent to Sell Property - Statutory Right of Redemption in Story Mill Project filed March 4, 2011, at docket entry no. 281 is APPROVED; and the Trustee is authorized to sell to American Bank for $10,000 the bankruptcy estate's interest in the statutory right of redemption in the Story Mill Project.

BY THE COURT

*/s/ Ralph B. Kirscher*

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana